# NO. 12-10-00261-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDRICK F. SCOTT, SR.,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury convicted Appellant, Fredrick F. Scott, Sr., of driving while intoxicated, third offense. The trial court assessed his punishment at imprisonment for five years. In one issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

Appellant came into the Food Valley convenience store on October 11, 2008. He was stumbling and bleeding from a cut on his ear. He took beer from the cooler and slammed it down on the counter. Charmaine Donnell, the clerk on duty, knew Appellant. She noticed that his speech was slurred so that it was almost unintelligible. When she asked if he needed help because of his injury, he ignored her. Appellant, she testified, smelled strongly of beer and gin. She refused to sell him beer, because she believed he was intoxicated. He left the store, but he angrily returned almost immediately and she again refused to sell him beer. He drove his car recklessly around the gas pumps, then parked his car, and came in the store again. He began cursing Donnell violently, and Donnell called the police. The store's surveillance video shows Appellant stumbled over the lottery ticket machine in the store. Donnell testified he stumbled over to the beer coolers and stumbled out the door.

Officer Anthony Griffin responded to a radio dispatch that Appellant had been involved in an altercation at the Food Valley store and that he was driving recklessly. Officer Griffin stopped Appellant on the side of the Food Valley store parking lot. Appellant smelled strongly of an alcoholic beverage, and his eyes were glassy. When Appellant got out of his truck, he persisted in leaning on the vehicle for support. Officer Griffin gave Appellant no field sobriety tests. When he told Appellant that he was under arrest for DWI, Appellant started cursing the officer, telling him that he wanted to kill him and his family. Although the cut on Appellant's ear required three staples to repair, Officer Griffin believed Appellant's conduct was due to intoxication and not his head injury.

Officer Vince Baker had seen Appellant's truck being driven recklessly, at a high rate of speed, spinning its wheels, leaving the roadway turning a corner, and spinning its wheels in the dirt to get back on the road. Moments later, he saw Officer Griffin stop Appellant. He also smelled the odor of an alcoholic beverage about Appellant and heard him cursing Officer Griffin. Officer Baker found an opened 1.75 liter bottle of gin in Appellant's truck along with several bottles of beer.

SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends that the evidence is insufficient to support his conviction.

## Standard of Review

In reviewing the sufficiency of the evidence, the appellate courts must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. "A court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not appear affirmatively in the record–that the trier of facts resolved any such conflicts in favor of the prosecution. . . ." *Jackson*, 449 U.S. at 319, 99 S. Ct. at 2793.

2

**Discussion**

Officer Griffin gave Appellant no field sobriety tests before placing him under arrest. There is no evidence of a breath or blood test. Appellant's defensive theory was that his erratic behavior was referable to a blow on the head in the fight that gave him the cut ear and simple anger at being told he could not buy beer.

All three of the State's witnesses knew Appellant. They knew how he acted when he had the normal use of his faculties. All agreed that, at the time of his arrest, he had lost the normal use of his physical and mental faculties. He stumbled into and around the Food Valley store. The clerk was a former bartender. Appellant's slurred speech, strong odor of gin and beer, and stumbling gait convinced her he was intoxicated and that she should not sell him more beer. Her opinion was confirmed when he returned to the store at least two more times angrily demanding that she sell him beer, and finally cursing her with such violence that she called the police. He drove recklessly around the gas pumps in front of the store. Immediately before Appellant's arrest and right after Appellant left Food Valley, Officer Baker saw Appellant turn a corner so recklessly that he ran off the road almost into the ditch.

When Officer Griffin stopped him, Appellant needed to lean on his truck for support and smelled strongly of an alcoholic beverage. He repeatedly threatened to kill Officer Griffin and his family. Appellant's belligerence and general condition explains Officer Griffin's failure to administer any field sobriety tests. Neither officer believed Appellant's cut ear was an injury serious enough to explain Appellant's conduct. Donnell's opinion that Appellant smelled like gin was vindicated when Officer Baker found an open half gallon bottle of gin in Appellant's truck.

The evidence is sufficient to support Appellant's conviction. Appellant's sole issue is overruled.

**DISPOSITION**

The judgment of the trial court is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered May 25, 2011.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)